IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02906-BNB

WILLIAM RICHARD ESCH,

    Applicant,

v.

RICHARD SMELSER, Warden, and
ARISTEDES ZAVARAS, Executive Director, Colorado Department of Corrections,

    Respondents.

## ORDER OF DISMISSAL

Applicant, William Richard Esch, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Esch has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming he has been denied due process because he has not been able to earn the maximum number of earned time credits each month for a number of years. As relief Mr. Esch asks the Court "to order the Colorado Department of Corrections to award the Applicant the full 10 days per month of earned time for all the months that it was mandatorally [sic] and automatically reduced." (Doc. #1 at 6.) Mr. Esch also asks the Court "to order the Colorado Department of Corrections to cease the mandatory and automatic reduction of Applicants [sic] earned time award." (*Id.*)

The Court must construe the application liberally because Mr. Esch is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See** *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Esch alleges that he has not received the maximum award of ten days of earned time credit per month since 1999 because of his sex offender classification code and because prison officials contend he has refused to participate in sex offender treatment. Although he was terminated from the sex offender treatment program in 1989, Mr. Esch alleges that he continued to receive the maximum award of ten days per month until 1999 when a new administrative regulation resulted in a mandatory reduction in the amount of earned time credit he could receive to seven days per month. He further alleges that in 2005 the amount of earned time credits he is eligible to receive was reduced again to no more than six days per month. Mr. Esch contends that, because of these reductions in the amount of earned time credits he was and is eligible to earn, his projected release date is June 27, 2012, rather than April 13, 2011.

Mr. Esch asserts three due process claims premised on his ineligibility to earn ten days of earned time credits per month. The Constitution guarantees due process when a person is to be deprived of life, liberty, or property. **See *Templeman v. Gunter*,** 16 F.3d 367, 369 (10th Cir. 1994). Because Mr. Esch has not been deprived of life or liberty, he is not entitled to due process unless he has a constitutionally protected liberty interest in the opportunity to earn earned time credits.

The existence of a constitutionally protected liberty interest depends on the nature of the interest asserted. **See *Sandin v. Conner*,** 515 U.S. 472, 480 (1995). A

prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. State law also may create a liberty interest if the action inevitably will affect the length of the prisoner's confinement. *See Sandin*, 515 U.S. at 487.

The Court finds that the due process claims lack merit. Mr. Esch's ineligibility to earn ten days of earned time credits per month does not implicate a liberty interest that arises directly under the Constitution because prisoners are not entitled to any particular degree of liberty. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. In short, the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. As a result, earned time credits are not protected independently by the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

The Court also finds that Mr. Esch fails to demonstrate the existence of any constitutionally protected liberty interest that arises under state law because the award of earned time credits in Colorado is discretionary with prison authorities. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). In the absence of a constitutionally protected liberty interest, Mr. Esch's due process claims lack merit and must be

dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02906-ZLW

William Richard Esch
Prisoner No. 56009
Crowley County Correctional Facility
6564 State Highway 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 8, 2010

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                     Deputy Clerk